IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-645-BO

| | |
|---|---|
| DOUGLAS E. MCPHAIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND MEMORANDUM** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| WELLS FARGO DEALER SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of Plaintiff Douglas McPhail's ("Plaintiff") *pro se* application to proceed *in forma pauperis* and his complaint pursuant to 28 U.S.C. § 1915(a)(1), (e)(2)(B). [DE-1]. In the view of this court, Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. For the reasons set forth below, this court recommends that Plaintiff's complaint be dismissed.[1]

## I. PLAINTIFF'S COMPLAINT

Plaintiff, a North Carolina resident, brings this action against Wells Fargo Dealer Services ("Defendant") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, *et seq.,* along with twelve state law claims. Compl. [DE-1-3]. The subject-matter jurisdiction of the court arises under 28 U.S.C. § 1331 by virtue of Plaintiff's assertion of claims under the FCRA and FDCPA. The crux of Plaintiff's complaint is that Defendant reported inaccurate

---

[1] Plaintiff has filed another related action in this court against Wells Fargo Dealer Services bearing case no. 5:13-CV-231-BO, in which the court dismissed FDCPA and FCRA claims against Defendant without prejudice.

credit information regarding an outstanding loan, failed to correct such inaccuracies and made false and misleading representations in connection with the collection of a debt owed by Plaintiff, thereby violating Plaintiff's federal statutory and common law rights.

According to the complaint, Plaintiff is a consumer and Defendant is a "national banking and finance organization." Compl. ¶¶ 4-5. Defendant serviced an outstanding loan obtained by Plaintiff from Wells Fargo Auto Finance.[2] *Id.* ¶ 31. According to the complaint, Plaintiff received a letter in the mail from Defendant, dated March 5, 2012, informing Plaintiff that his account, formerly serviced by Wells Fargo Auto Finance, would now be serviced by Defendant effective March 3, 2012. *Id.* Plaintiff received a second letter from Defendant on March 9, 2012 informing him that he had failed to make his monthly payment in January and Plaintiff owed the amount of $294.20.[3] *Id.* ¶ 32. On March 13, 2012, Plaintiff received a duplicate letter again informing him he had failed to make his January payment. *Id.* ¶ 33. Plaintiff alleges the information in the letters informing him of a missed payment and the assessment of late fees is inaccurate. *Id.* ¶¶ 34-36. Plaintiff alleges that his payments were current and that he made payments during the period identified. *Id.*

Plaintiff contacted Defendant's customer service department and informed Defendant that he had timely made payment to Wells Fargo Auto Finance, which had in fact received payment on January 17, 2012. Compl. ¶¶ 36-37, 39, 43. Plaintiff sent Defendant a copy of the money order receipt reflecting payment. *Id.* ¶ 44. Plaintiff alleges Defendant refused to accept this as evidence of payment on the account. *Id.* ¶ 45. Plaintiff alleges several more months went

---

[2] Plaintiff's account relates to an automobile loan incurred before 2012. Compl. ¶¶ 31, 74.

[3] Plaintiff first alleges that the letters informed him of a missed payment for the month of February 2012. Compl. ¶ 32. Plaintiff subsequently alleges that the dispute is in regards to the January 2012 payment. *Id.* ¶ 38. While the court notes this discrepancy in Plaintiff's complaint, the inconsistency is not material to the court's discussion.

by during which Defendant continued to report the missed January payment and to assess late fees to Plaintiff's account. *Id.* ¶¶ 46-55.

Plaintiff contacted Western Union and requested a copy of the paid money order. Compl. ¶ 56. Plaintiff received a copy of the money order showing it was cashed in January 2012 by Defendant. *Id.* ¶ 57. Plaintiff alleges that upon receipt of a copy of the money order, Defendant acknowledged that the January payment was made by Plaintiff, but failed to remove the initial late payment charge. *Id.* ¶¶ 58-60, 70. Based on the foregoing, Plaintiff alleges that Defendant proceeded to "disseminate[] incorrect information on or about Plaintiff's Auto account" and failed to insure its accuracy. *Id.* ¶¶ 74, 83. Plaintiff's complaint makes similar statements throughout regarding the inaccurate publication of credit information by Defendant to third parties and Defendant's failure to correct billing inaccuracies. *Id.* ¶¶ 75-93. Importantly, Plaintiff makes no factual allegations regarding how Plaintiff learned Defendant had furnished its account information to third parties or how Defendant allegedly did so.

Plaintiff subsequently brought this action against Defendant alleging various consumer credit violations under federal and state law. Plaintiff seeks $1,000 for each federal statutory claim, damages in excess of $10,000 for each state statutory claim and state tort claim, $72.82 in compensatory damages, punitive damages for the federal statutory claims and state tort offenses, and assessed interest for all damages. Compl. at 35-36.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from

a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional," *id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

### III. ANALYSIS

The court begins by addressing Plaintiff's alleged federal statutory claims arising under the FDCPA (Count 1) and the FCRA (Count 2).

**A.     FDCPA claim (15 U.S.C. § 1692, *et seq.*)**

The FDCPA protects consumers from certain unfair debt collection practices. *See* 15 U.S.C. § 1692(a); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). It

4

does so by regulating various aspects of the debtor and debt collector relationship and how debt collectors conduct their business. *See generally* 15 U.S.C. §§ 1692b-1692e. Specifically, the FDCPA prohibits, inter alia, the use of any conduct the natural consequence of which is to harass, oppress, or abuse any person, 15 U.S.C. § 1692d, any false, deceptive or misleading representations or means, 15 U.S.C. § 1692e, any unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f, and failure to validate a debt, 15 U.S.C. § 1692g. The FDCPA creates a private cause of action against debt collectors who violate its provisions. *See* 15 U.S.C. § 1692k.

However, the relevant provisions of the FDCPA apply only to the activities of a "debt collector." *See* 15 U.S.C. §§ 1692e, 1692f, 1692k. Creditors are generally not subject to the FDCPA. *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). Debt collectors subject to the FDCPA are defined in 15 U.S.C. § 1692a(6):

> [t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due asserted to be owed or due another . . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). The FDCPA also provides exceptions to the broad definition of "debt collector." The term "debt collector" does not include:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow management; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

5

Case 5:13-cv-00645-BO Document 6 Filed 11/20/13 Page 5 of 9

*Id.* Moreover, it is well-settled that the servicer of a loan is not a debt collector under the FDCPA, at least where it began servicing the loan before the borrower's default. *Patrick v. PHH Mortg. Corp.*, 937 F. Supp. 2d 773, 789 (N.D.W. Va. 2013) (citing *Blick v. Wells Fargo Bank, N.A.*, No. 3:11-CV-81, 2012 WL 1030137, at *7 (W.D. Va. Mar. 27, 2012)).

Here, Plaintiff affirmatively alleges that Defendant is a debt collector. Compl. ¶ 14. However, the complaint likewise identifies Defendant as the servicer of Plaintiff's loan and alleges that Plaintiff's loan was not in default when Defendant began servicing the loan. *Id.* ¶¶ 18, 31. Having considered the totality of the factual allegations in the complaint and in the light most favorable to the Plaintiff, the court finds that the factual allegations support that Defendant is the loan servicer with respect to Plaintiff's loan. Piercing the veil of the complaint's allegations makes it clear that Defendant is not a debt collector. Plaintiff's allegation that Defendant is a debt collector is merely conclusory and not supported by the factual allegations describing Defendant's role vis-à-vis Plaintiff's loan. The factual allegations indicate that Plaintiff received monthly bill statements from Defendant for the car loan and Plaintiff made payments until the vehicle was paid off, thereby describing the very task of a loan servicer in managing the repayment of a loan. *Id.* ¶¶ 31-62. Thus, the court does not accept the complaint's legal conclusion that Defendant is a debt collector and Plaintiff has failed to state a claim in this regard. *See Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005) (finding that to succeed on a FDCPA claim, a plaintiff must demonstrate that defendant is a debt collector as defined by the FDCPA). Accordingly, the court recommends that Plaintiff's FDCPA claim be dismissed.

## B. FCRA claim (15 U.S.C. § 1681, *et seq.*)

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To this end, FCRA imposes certain duties and procedures on various entities operating in the consumer reporting industry, including CRAs, furnishers of credit information to CRAs, and users of consumer reports. *See* 15 U.S.C. § 1681, *et seq.* Plaintiff alleges Defendant to be a furnisher of information. Compl. ¶¶ 8, 130. Furnishers of credit information ("furnishers") are regulated by FCRA under section 1681s-2.[4] *See* 15 U.S.C. § 1681s-2. Section 1681s-2(b) enumerates the obligations of a furnisher if a consumer disputes the accuracy of information that the furnisher reported to the CRA. Furnishers have a duty to reinvestigate and correct information following proper notice from the CRA. *Id.* § 1681s-2(b). The statute and courts are clear that a furnisher's duty to investigate under § 1681s-2(b) does not arise unless and until a CRA notifies the furnisher of a dispute. *See id.* § 1681s-2(b)(1) ("After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a [consumer] to a [CRA], the [furnisher] shall – conduct an investigation with respect to the disputed information."); *see also Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 143, 150 (4th Cir. 2008) (recognizing that the duty to investigate triggers upon notice by a CRA).

Therefore, to bring a suit against a furnisher for violation of its duty under § 1681s-2(b), a plaintiff must allege the following: (1) that plaintiff notified the CRA of disputed information,

---

[4] The term furnishers is not defined within the FCRA, however, furnishers are typically "credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies." *Alston v. Wells Fargo Bank, N.A.*, No. 8:12-CV-3671, 2013 WL 990416, at *4 (D. Md. Mar. 12, 2013).

(2) that the CRA notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to reasonably investigate and modify the alleged inaccurate information. *See Alston*, 2013 WL 990416, at *4; *cf. Johnson v. MBNA Am. Bank, N.A.*, 357 F.3d 426, 431 (4th Cir. 2004).

Plaintiff alleges a violation by Defendant of its furnisher duties under § 1681s-2(b). However, Plaintiff fails to state a cognizable FCRA claim under this statutory provision. Plaintiff alleges that Defendant failed to reasonably investigate the alleged inaccurate information, but there are no factual allegations that Plaintiff notified any CRA of a dispute or that any CRA notified Defendant of such dispute. Accordingly, the court recommends that Plaintiff's FCRA claim be dismissed.

## C. State Law Claims

In the remaining claims against Defendant, Plaintiff alleges the following: (1) violation of the North Carolina Debt Collection Act; (2) violation of the North Carolina Unfair and Deceptive Trade Practices Act; (3) intentional infliction of emotional distress; (4) breach of contract; (5) punitive damages; (6) negligent misrepresentation; (7) negligent infliction of emotional distress; (8) unjust enrichment; (9) negligence; (10) constructive fraud; (11) breach of implied covenant of good faith and fair dealing; and (12) fraud. These remaining allegations arise under state law. As Plaintiff's claims under the FDCPA and FCRA fail, there is no federal claim to which these state claims may attach. *See* 28 U.S.C. § 1367 (stating a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). Accordingly, this court recommends declining jurisdiction over the remaining claims. *See Meek v. Townsend Real Estate, Inc.*, No. 5:11-CV-325-F, 2012 WL

555766, at *4-5 (E.D.N.C. Feb. 21, 2012) (declining to exercise supplemental jurisdiction over plaintiff's state law claims when no subject-matter jurisdiction existed).

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed in forma pauperis. In addition, this court RECOMMENDS that Plaintiff's complaint be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

So ordered and recommended, the 20th day of November, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge