IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-645-BO

| | |
|---|---|
| DOUGLAS E. MCPHAIL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| WELLS FARGO DEALER SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones [DE 6]. For the following reasons, the Court ADOPTS the M&R. The matter is REMANDED to state court.

## BACKGROUND

Plaintiff, a North Carolina resident, brings this action against Well Fargo Dealer Services alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, along with twelve state law claims. The subject matter jurisdiction of the Court arises under 28 U.S.C. § 1331 by virtue of plaintiff's assertion of claims under the FCRA and FDCPA.

On November 20, 2013, Magistrate Judge Jones allowed plaintiff's motion to proceed *in forma pauperis*, but recommended that his federal claims be dismissed for failure to state a claim upon which relief may be granted and that his state law claims be remanded to state court as no federal issue remained. Plaintiff objects to the M&R.

## DISCUSSION

A district court is required to review an M&R de novo if the defendant specifically objects to it or in cases of plain error. 28 U.S.C. ' 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a de novo determination of those specific findings to which the defendant has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, the plaintiff has filed an objection to the Magistrate Judge's recommendation dealing with his FDCPA claim.[1] Plaintiff does not discuss his FRCA claim at all in his objections and therefore, finding no clear error in the Magistrate Judge's decision, this Court adopts the M&R as it applies to plaintiff's FCRA claim.

Plaintiff focuses on an unpublished Eleventh Circuit decision, *Birster v. American Home Mortgage Servicing, Inc.*, 481 Fed. App'x 579 (11th Cir. 2012), for the proposition that a servicer may be a debt collector subject to the FDCPA where it attempts to both enforce a security interest and collect a debt. The decision relies heavily on *Reese v. Ellis, Painter, Rattertree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012). The Eleventh Circuit held that "it is apparent an entity that regularly attempts to collect debts can be a "debt collector" beyond § 1692f(6) of the FDCPA, even when that entity is also enforcing a security interest." *Birster*, 481 Fed. App'x at 582. The facts in *Birster* are similar to the ones in this matter. Here, as there, defendant sent plaintiff a letter advising that payments had not been received and that the purpose of the communication was to collect a debt. *Id.* at 580; [DE 11 Exhibit A]. However, the facts are different in one important regard; in *Birster* the plaintiff stopped making payments *before* the defendant began servicing their loan. *Birster*, 481 Fed. App'x at 580. Here, defendant serviced plaintiff's loan before and after the disputed missed payment.

---

[1] Although plaintiff claims to have made a claim under the federal Unfair and Deceptive Practices Act as codified by the Federal Trade Commission, a review of the complaint shows this to not be true.

In the Fourth Circuit, it is well-settled that the servicer of a loan is not a debt collector under the FDCPA, at least where it began servicing the loan before the borrower's default. *Patrick v. PHH Mortgage Corp.*, 937 F. Supp. 2d 773, 789 (N.D. W. Va. 2013) (citing *Blick v. Wells Fargo Bank, N.A.*, 2012 WL 1030137 at *7 (W.D. Va. Mar. 27, 2012)). The *Patrick* court found that a loan servicer fell well within the FDCPA's exception to the definition of "debt collector." *Id.* There is no dispute here that defendant is the servicer of plaintiff's loan and that the loan was not in default when defendant began servicing the loan. Therefore it is clear that defendant is not a debt collector and plaintiff's claim must fail. Accordingly, the Court adopts the remainder of the Magistrate Judge's recommendations.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's recommendations, DISMISSES plaintiff's FCRA and FDCPA claims, and REMANDS to state court the remaining state claims hereby DECLINING to exercise supplemental jurisdiction. The clerk is directed to enter judgment accordingly and close the file.

SO ORDERED,

this __21__ day of December, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE